UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carnell M. McCreary,

Plaintiff,

Case No. 26-cv-12172
District Judge Linda V. Parker

v.

Detroit Police Department, et al.,

Defendants.
_______________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO WAIVE FILING FEES AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

## I. Introduction

Plaintiff Carnell M. McCreary is currently detained at the Federal Correctional Institution in Milan, Michigan. He has filed a pro se Complaint asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and 42 U.S.C. § 1983. (ECF No. 1.) McCreary names as defendants the Detroit Police Department, Wayne County Prosecutor Kym Worthy, Assistant Wayne County Prosecutor Alexandria Wolf, Detroit Police Officers Alexus Jones and Edward Palowski, ATF Agent Jameria Caldwell, District Court Judge Christopher Blount, and a police informant. In the Complaint, McCreary alleges that Defendants conspired to bring false charges against him in retaliation for complaints he filed against Wayne County Prosecutor

Kym Worthy and her agents. McCreary also filed a motion to waive filing fees. (ECF No. 2.)

Upon review of the Complaint and McCreary's litigation history in the federal courts, the Court concludes that the Complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**II. Discussion**

The Court may authorize commencement of an action without prepayment of the filing fee and costs if a plaintiff demonstrates he cannot pay such fees, 28 U.S.C. § 1915(a)(1), subject to the Prison Litigation Reform Act's (PLRA) three-strikes rule. Under 28 U.S.C. § 1915(g), a prisoner who has had three or more prior civil actions dismissed as frivolous, malicious, or for failure to state a claim may not proceed in forma pauperis unless the prisoner demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) ("To be eligible for the exception [to the three-strikes rule], the prisoner must plausibly allege such a danger."). The alleged danger must be real, proximate, and exist at the time the complaint is filed. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). Courts may raise and apply the three-strikes rule sua sponte and may take judicial notice of a plaintiff's prior dismissals. *See White v. Sturm*, 737 F. Supp.3d 576, 578 (E.D. Mich. 2024).

The PLRA's three-strikes rule applies to McCreary because he has had at least three civil rights complaints dismissed as frivolous, malicious, or for failure to state a claim. *See McCreary v. Bell*, No. 1:10-cv-1211 (W.D. Mich. Sept. 30, 2011); *McCreary v. Granholm*, No. 2:09-cv-103 (E.D. Mich. July 10, 2009); *McCreary v. Cox*, No. 04-cv-72677 (E.D. Mich. Aug. 13, 2004); *McCreary v. Turner*, No. 03-cv-73336 (E.D. Mich. Sept. 30, 2003).

To proceed notwithstanding the three-strikes bar, McCreary must plausibly allege that he is in imminent danger of serious physical injury. He does not claim to be in imminent danger of serious physical injury and nothing in the Complaint would support such an argument. His claim that Defendants conspired to bring false criminal charges against him does not raise the possibility of physical injury. Because there is no basis to conclude that McCreary qualifies for the imminent danger exception, the Court is denying his motion to waive filing fees and dismisses the Complaint.

McCreary has also filed a motion for oral argument which will be dismissed as moot.

## III. Conclusion

For the reasons stated, the Court **DENIES** McCreary's motion to waive filing fees (ECF No. 2) and **DISMISSES** the Complaint (ECF No. 1) pursuant to

28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new Complaint with full payment of required filing and administrative fees.

Further, the Court concludes that it has properly applied the three-strikes rule of 28 U.S.C. § 1915(g) such that an appeal from this ruling would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court **DENIES AS MOOT** McCreary's Motion for Oral Argument (ECF No. 4).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 25, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 25, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager